ROGERS et al. v. VANDERBURG et al., Appellants.

Division Two, May 13, 1902.

Ejectment: EVIDENCE: CHAIN OF TITLE.   Where, in ejectment, there is no proof of common source of title or that one whose deed is introduced as a part of plaintiff's chain of title ever had any title, judgment must be for defendant.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED AND REMANDED.

*Russell & Deal* for appellants.

Rogers v. Vanderburg.

The testimony in this case is not enough to show that the plaintiffs had the legal title, and, hence, they can not recover, as the plaintiff in such cases must recover upon the strength of his own title.

*Boone & Lee* for respondents.

The testimony shows enough for the court, who tried the case, to infer the common source of title; and if there is a common source of title, all of appellants' objections are fully met, for one who derives title from the same deed can not complain of the introduction of the record without accounting for the loss of the original. Hope v. Blair, 105 Mo. 85.

SHERWOOD, P. J.—Ejectment for the northwest quarter of section 18, township 24, range 16; answer, general denial. Plaintiff recovered judgment. Defendants offered no evidence.

There was no proof of a common source of title, nor that Theodore Owens, one of those under whom plaintiffs claim, whose deed was introduced as a link on plaintiffs' chain of title, ever had *any title* to the *locus* in controversy.

Plaintiffs say that "there was testimony showing that defendant Vanderburg claims possession under a common source of title with plaintiffs, to-wit, Harrison Rogers, but by an unfortunate oversight it was omitted from the bill of exceptions."

Inasmuch as plaintiffs have shown no legal title to the premises in controversy, judgment reversed and cause remanded. All concur.